UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 14-21-WOB-CJS

KATHLEEN GRECH                                                                                    PLAINTIFF

v.                          **REPORT AND RECOMMENDATION**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY                                                                   DEFENDANT

\* \* \* \* \* \* \* \* \*

Plaintiff Kathleen Grech brings this action under 42 U.S.C. § 405(g), challenging Defendant Commissioner's final decision denying her application for benefits under the Social Security Act. At issue is whether the Administrative Law Judge (ALJ) erred in finding Plaintiff "not disabled" and therefore not entitled to benefits. As explained below, the ALJ's decision was supported by substantial evidence. For the reasons explained herein, it will be recommended that Plaintiff's Motion for Summary Judgment (R. 12) be **denied**, and the Commissioner's Motion for Summary Judgment (R. 13) be **granted**.

I.      STANDARD OF REVIEW AND THE ADMINISTRATIVE PROCESS

In reviewing the decision of an ALJ in social security cases, the only issues before the reviewing court are whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a

different conclusion. *Blakley*, 581 F.3d at 406. "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id*. (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Thus, even if the evidence could also support another conclusion, the decision of an ALJ must stand if the evidence could reasonably support the conclusion reached. *Id.* (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In this case, Plaintiff must establish that she is disabled within the meaning of the Social Security Act in order to qualify for benefits. 42 U.S.C. § 423(a)(1). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (*citing Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). First, a claimant must demonstrate that she is not currently engaged in "substantial gainful activity." *Vance*, 260 F. App'x at 803 (*citing* 20 C.F.R. §§ 404.1520(b), 416.920(b)). Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate that she suffers from a severe impairment. *Id*. at 803-04. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id*. at 804 (*citing* 20 C.F.R. §§ 404.1520(c), 416.920(c)). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least 12 months, and the impairment meets or equals a listed impairment located at 20 C.F.R. part 404,

subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. *Id*. (*citing* 20 C.F.R. §§ 404.1520(d), 416.920(d)). Fourth, the claimant is not disabled if her impairment(s) does not prevent her from doing her past relevant work. *Id*. Lastly, even if the claimant cannot perform her past relevant work, she is not disabled if she can perform other work which exists in the national economy. *Id*. (*citing Abbott*, 905 F.2d at 923). Throughout this process, the claimant carries the overall burden of establishing that she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy. *Id*. (*quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was 53 years old at the time of the ALJ's decision, and she has a high school education. (Administrative Record (A.R.) 43-44). Plaintiff has past relevant employment performing clerical and billing duties for medical offices. (A.R. 45-49). In support of her application, Plaintiff listed the following conditions as limiting her ability to work: endometrial cancer, factor 5 blood clotting disorder, anemia, depression and anxiety. (A.R. 199). Plaintiff also testified to hip and low back pain and neuropathy in her left leg with swelling. (A.R. 50).

Plaintiff filed applications for both supplemental security income and disability insurance benefits on September 9, 2010, alleging disability beginning June 4, 2010.[1] ((A.R. 161-73, 271). Plaintiff's applications were denied initially and on reconsideration.[2] (A.R. 105-09, 117-21). Upon Plaintiff's request, the ALJ held a hearing on Plaintiff's claim for disability benefits on July 5, 2012,

---

[1] While Plaintiff's applications alleged onset of June 3, 2010, she ultimately amended her onset date to June 4, 2010, because she last worked on June 3, 2010. (A.R. 271).

[2] Plaintiff's application for supplemental security income was denied because her income level rendered her ineligible for benefits. (A.R. 110-12). Her claim for disability benefits was denied upon a finding she was not disabled. (A.R. 105-08, 117-21).

(A.R. 39-72), and on September 19, 2012, the ALJ issued an unfavorable decision using the five-step sequential process to determine that Plaintiff was not disabled. (*Id*. at 10-21).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful employment since June 4, 2010, the alleged onset date. (A.R. 12). At step two, the ALJ determined that Plaintiff had the following severe impairments: "status post endometrial cancer with surgeries; bilateral hip osteoarthritis/status post remote bilateral hip pinning/bilateral greater tronchanteric bursitis; obesity; a mood disorder; an anxiety disorder; and benzodiazepine abuse." (*Id*.). The ALJ found Plaintiff's "history of pulmonary embolism, facto v leiden, hypothyroidism, and hypercholesterolemia" were not severe impairments. (A.R. 13). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments under the applicable Federal Regulations and specifically discussed Listings 1.02, 12.04, 12.06, 12.09, 13.23 and Social Security Ruling ("SSR") 02-1p. (*Id*.).

At step four, the ALJ considered the evidence and determined that Plaintiff had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b). (A.R. 304). The ALJ stated that Plaintiff can perform light work except:

> [s]he can lift/carry/push/pull up to 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for a total of 6 hours in an eight-hour workday and she can sit for a total of 6 hours in an eight-hour workday. She can only occasionally stoop, kneel, crouch, and climb ramps and stairs. She can never crawl and climb ladders, ropes, or scaffolds. She should not operate controls with the lower extremities or perform other work requiring the forceful use of the lower extremities. She can never work at unprotected heights or around hazardous machinery. Mentally, the claimant is able to remember and carry out detailed, but uninvolved, instructions. She cannot work at a rapid production-rate pace. Her job should not require more than ordinary and routine changes in work setting or duties.

(A.R. 14-15). The ALJ found claimant could perform her past relevant work as a receptionist and billing clerk as it is generally performed, which the vocational expert ("VE") testified was at a sedentary level. (A.R. 20, 29). Having found Plaintiff could perform her past relevant work, the ALJ determined that Plaintiff was not "disabled" for social security purposes and did not proceed to step five. (A.R. 20-21).

Plaintiff appealed the ALJ's decision to the Appeals Council.[3] (A.R. 33). On December 19, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's September 19, 2012, decision denying Plaintiff benefits the final decision of the Commissioner. (A.R. 1-4). On February 7, 2014, having duly exhausted her administrative remedies, Plaintiff timely filed a Complaint asserting that the ALJ's decision was not in accordance with the law and contrary to the evidence. (R. 1).

Plaintiff and the Commissioner have filed Motions for Summary Judgment. (R. 12, 13). Plaintiff's Motion presents two arguments for review: 1) the ALJ failed to properly evaluate Plaintiff's obesity in determining her RFC; and 2) the testimony of the VE as to Plaintiff's ability to perform other work was not sufficient to meet the Commissioner's burden of proof at the fifth step. (R. 12, at 2).

### III. ANALYSIS

#### A. The ALJ Properly Considered Plaintiff's Obesity

---

[3]Plaintiff submitted to the Appeals Council additional medical records dated after the ALJ's September 19, 2012, decision. (A.R. 865-67). The Appeals Council explained that because the records are for a period of time not at issue in the ALJ's decision, they did not affect the decision on whether she was disabled on or before September 19, 2012. (A.R. 2). The Appeals Council returned the records and informed Plaintiff that she can file a new application if she seeks a disability finding for the new time period. (*Id*.).

Plaintiff argues the ALJ failed to properly consider her obesity in determining her RFC. (R. 12, at 4). She also argues the ALJ made a factual error when he stated "there is no evidence of a physical impairment or limitation aggravated by her obesity." (R. 12, at 9). As discussed below, however, the ALJ's decision supports a finding that he considered Plaintiff's obesity in determining her RFC and no factual error was made.

Although obesity is no longer a listed impairment, SSR 02-1p instructs adjudicators to consider a claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation. *See* SSR 02-1p, 2002 WL 34686281, at *5 (Soc. Sec. Admin. Sept. 12, 2002); *see also Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006). Plaintiff argues that because there is more than "scant evidence" that her physical impairments are aggravated by her obesity, the ALJ was required to provide a more individualized assessment of her obesity-related limitations.

Despite Plaintiff's argument to the contrary, there is "scant evidence" in the record that her obesity causes her physical limitations. The Court's review of the record reveals that other than Dr. Grunkemeyer, no other treating or examining source identified obesity as a specific factor affecting Plaintiff's functional capacity. In fact, other than a passing reference to Plaintiff being obese or providing a record of her height, weight and BMI on her medical charts, her providers provided no specific discussion of Plaintiff's obesity or how it impacts her functioning. *See Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 667 (6th Cir. 2004) ("absence of further elaboration on the issue of obesity likely stems from the fact that [plaintiff] failed to present evidence of any functional limitations resulting specifically from her obesity") (*citing Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004) ("rejecting claimant's 'argument that the ALJ erred in failing to consider his obesity in assessing his RFC,' explaining that, '[a]lthough his treating doctors noted that [plaintiff] was obese

6

and should lose weight, none of them suggested his obesity imposed any additional work-related limitations, and he did not testify that his obesity imposed additional restrictions'")); *Cranfield v. Comm'r of Soc. Sec.*, 79 F. App'x 852, 857 (6th Cir. 2003) ("ALJ did nothing more than mention [plaintiff's] obesity because neither [plaintiff] nor her doctors offered any evidence to suggest that her weight was a significant impairment"). Of note here, Plaintiff did not list obesity on her disability report as a condition that limits her ability to work. (*See* R. 199). Nor does Plaintiff cite the Court to any record other than Dr. Grunkemeyer's report to make such a claim now.

To the contrary, the record supports a finding that the ALJ properly considered Plaintiff's obesity. First, the ALJ found Plaintiff's obesity to be a severe impairment at step two. (A.R. 12). Further, at step three, the ALJ stated:

> Pursuant to Social Security Ruling 02-1p, the undersigned also considered the impact obesity has on limitation of function including the claimant's ability to perform routine movement and necessary physical activity within the work environment. The claimant testified that her height is approximately 5 feet 4 inches and her weight is approximately 230 pounds. Although the claimant is obese, there is no evidence of a physical impairment or limitation aggravated by her obesity to the extent that a listing is met.

(A.R. 13).

At step four, the ALJ considered and gave some weight to the report of Dr. Grunkemeyer in determining Plaintiff's RFC. (A.R. 19). While Dr. Grunkemeyer stated Plaintiff's chronic obesity is a major problem, he opined Plaintiff could stand/walk for about four hours, limited to thirty minutes continuously, in an eight-hour work day, and she could sit for at least six hours, more than two hours continuously, in an eight-hour workday. (A.R. 419). Dr. Grunkemeyer further stated Plaintiff could lift less than ten pounds frequently and ten to twenty pounds occasionally, and she has no significant limitation in repetitive reaching, handling or fingering. (A.R. 421). The ALJ

specifically discussed Dr. Grunkemeyer's findings, crediting most of his findings of limitations but rejecting those he found not supported by the record. (A.R. 19).

A review of the ALJ's decision reveals the ALJ properly considered the effects of Plaintiff's obesity in determining her RFC. The Sixth Circuit has held "the ALJ does not need to make specific mention of obesity if he credits an expert's report that considers obesity." *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006); *see also Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (holding the ALJ's discussion of claimant's obesity in his findings of fact and the ALJ's use of RFC evaluations from physicians who explicitly considered claimant's obesity supports the finding that the ALJ adequately accounted for the effects of obesity); *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (ALJ acknowledged expert opinion but found it unreliable and no further analysis required given limited evidence of obesity in record).

Here, the ALJ considered and gave some weight to Dr. Grunkemeyer's report, which included a specific reference to Plaintiff's obesity. (A.R. 417-18). Further, the ALJ provided a thorough analysis of Plaintiff's medical history, the opinion evidence, and provided a thorough analysis of the weight he afforded these assessments in light of all of Plaintiff's impairments, and there is no separate evidence about functional limitations from obesity that the ALJ overlooked. Therefore, the ALJ properly considered the effects of the Plaintiff's obesity and complied with SSR 02-1p.

Further, Plaintiff's argument that the ALJ made a factual error also lacks merit. Plaintiff argues the ALJ's statement at step three that "there is no evidence of a physical impairment or limitation aggravated by her obesity," is incorrect in light of "Exhibit 18F" and "Exhibit 36F." A review of these exhibits, however, does not support Plaintiff's argument. First, Exhibit 18F is not

a medical record, but a form request for medical advice on reconsideration, which, even if relevant, does not mention obesity. (A.R. 445). Nor does Exhibit 36F, dated after the ALJ's decision, mention obesity. Thus, the Court is at a loss to understand how these exhibits evidence further limitations caused by Plaintiff's obesity and Plaintiff has not explained the significance of her citation to these exhibits.

In addition, Plaintiff's reliance on *Sleight v. Commissioner of Social Security*, 896 F. Supp.2d 622 (E.D. Mich. 2012), is distinguishable from the case at bar. In *Sleight*, the plaintiff was five feet, five inches tall and weighed over 450 pounds on the date of the hearing. (*Id*. at 626). The ALJ did not find obesity to be a severe impairment and found plaintiff could perform sedentary work. The court in *Sleight* was concerned that despite plaintiff's severe obesity and her testimony that her obesity was limiting, the ALJ only mentioned obesity in summarizing the medical records. The court noted that if the obesity analysis was the court's sole concern, remand might not be warranted. *Id*. at 635. However, the court also found the ALJ's statement that there was no documentation of sleep apnea to be a factual error since there was evidence in the record of the disorder. Thus, the court remanded the case based on the ALJ's "borderline non-compliance with SSR 02-1p," and the erroneous factual finding.

The present case is more analogous to *Cranfield,* which the *Sleight* court distinguished as follows:

> . . . Plaintiff's [Sleight's] weight was, at times, double the weight of the obese claimant in *Cranfield*. Further, in *Cranfield*, the claimant "never claimed that her weight affected her ability to work." 79 Fed. Appx. at 853. In contrast, Plaintiff testified at the hearing that her obesity limited her abilities. (Tr. 30.) Plaintiff's pre-hearing brief, while focusing on other issues, also provided that "morbid obesity" was a basis for disability. (Tr. 234, 238) . . .

9

*Sleight*, 896 F. Supp. 2d at 633 n.9.  Similarly here, Plaintiff's weight was nearly half that of the obese plaintiff in *Sleight*, 240 pounds at the time of the hearing (A.R. 43), and Plaintiff did not testify to limitations caused by her obesity.  Nor is there evidence that Plaintiff's obesity affected her ability to perform work.  Instead, the only evidence suggesting any limitation caused by her obesity is Dr. Grunkemeyer's cursory statement that Plaintiff's obesity was a "major problem."[4]  Further, as explained above, a factual error similar to the one found in *Sleight* has not been demonstrated.

Instead, in this case the entirety of the ALJ's decision supports a finding that the ALJ considered Plaintiff's obesity in determining Plaintiff's RFC.  First, the ALJ considered and gave some weight to Dr. Grunkemeyer's report, which specifically mentioned and considered Plaintiff's obesity.  In addition, Plaintiff has not pointed to any further evidence that she alleges the ALJ failed to consider nor has she suggested how her obesity causes further limitations on her ability to work.  Plaintiff has not established the ALJ erred in his consideration of her obesity.

Lastly, to the extent Plaintiff argues that records created after the ALJ's decision support a finding of disability, *see* A.R. 865-67 (Exhibit 36F), this Court cannot consider these records on judicial review.  In this Circuit, where evidence is submitted for the first time to the Appeals Council and the Appeals Council declines to review the merits of a claim, "the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision."  *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *see also Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993); *Cooper v. Colvin*, No. 12-101, 2013 WL 5350623, at *5 n.1 (E.D. Ky. Sept. 23, 2013) (district court cannot consider evidence that was unavailable to ALJ for purposes of reversing

---

[4]A review of the office notes from Plaintiff's three appointments with Dr. Grunkemeyer reveals only one note even mentioned Plaintiff's obesity, stating "she is an obese female" with "generalized deconditioning."  (A.R. 394-96).

the ALJ). Plaintiff does not ask the Court to consider this documentation for any other purpose, and therefore it has not been considered here.

> B. **The Vocational Expert's Testimony Provides Substantial Evidence to Support the ALJ's Decision at Step Four**

Plaintiff argues the ALJ erred at step five when he asked the VE hypothetical questions that did not incorporate limitations posed by Plaintiff's obesity.[5] (R. 12, at 10-11). Plaintiff's argument is flawed, however, because the ALJ did not proceed to step five, but found Plaintiff not disabled at step four; thus, he was not required to proceed to step five. 20 C.F.R. § 404.1520(a)(4); *see McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (if claimant found to be disabled or not disabled at a step, the inquiry is ended at that step).

To the extent Plaintiff intended to argue the ALJ erred at step four by relying on the VE's testimony that Plaintiff can perform her past relevant work as it is normally performed, this argument also lacks merit. Step four of the five-step analysis requires the ALJ to conduct a "comparison of the physical demands of the claimant's past relevant work with [her] present mental and physical capacity." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (internal quotations omitted) (*quoting Veal v. Bowen*, 833 F.2d 693, 697 (7th Cir. 1987)). At this stage of the process, the claimant bears the burden of proving she cannot return to her past work. *Id*. The governing regulations permit, but do not require, an ALJ to use the services of a VE to determine whether a claimant can return to her past relevant work. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392,

---

[5]Plaintiff does not articulate what additional limitations she has because of her obesity, but makes a conclusory statement that the ALJ failed to assess the impact her obesity has on her ability to sit, stand and walk. As discussed above, the ALJ adequately assessed the impact Plaintiff's obesity has on her ability to perform work, including her ability to sit, stand and walk.

11

395 (6th Cir. 2010); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002); 20 C.F.R. § 404.1560(b)(2).

Here, the ALJ employed the services of a VE in order to determine whether Plaintiff could return to her past relevant work. (A.R. 68-71). A hypothetical question to a VE need only reference all of a claimant's limitations the ALJ finds credible, and the ALJ does not need to reference specific medical conditions. *See Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). At the administrative hearing, the ALJ posed a question to the VE describing a hypothetical person of Plaintiff's age and educational level, with the same RFC as the ALJ ultimately determined Plaintiff had the ability to perform.[6] (A.R. 69-71). In response to the ALJ's hypothetical, the VE testified that a person with such limitations would be able to perform Plaintiff's past relevant work as a receptionist and billing clerk as it is normally performed. (A.R. 70-71). Therefore, as the hypothetical question incorporated the limitations the ALJ found to be credible, the hypothetical was an accurate portrayal of Plaintiff's impairments, and the VE's response to the hypothetical question provides substantial evidence to support the ALJ's step-four determination. *See Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) (*quoting Varley v. Sec'y Health & Human Servs*. 820 F.2d 777, 779 (6th Cir. 1987)).

IV. **CONCLUSION AND RECOMMENDATION**

As explained above, the ALJ's decision is supported by substantial evidence and should be affirmed. Accordingly, **IT IS RECOMMENDED** that:

---

[6] As explained in Section A, above, the ALJ's RFC determination properly considered the effects Plaintiff's obesity had on her ability to perform work activities.

1.      The Commissioner's decision be found to be supported by substantial evidence and therefore **affirmed;**

2.      Plaintiff's Motion for Summary Judgment (R. 12) be **denied;**

3.      Defendant's Motion for Summary Judgment (R. 13) be **granted;** and,

4.      Judgment be entered and this matter be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within **fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 31st day of March, 2015.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\social security\14-21 R&R Grech dismiss.vlc.wpd